**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHEN W. BARTON, | No. 21-35836 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-05509-RJB |
| v. | |
| JMS ASSOCIATE MARKETING, LLC, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| JOSETTE M. SELBERT, General Manager and Owner; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted February 13, 2023[**]
Seattle, Washington

Before: W. FLETCHER, PAEZ, and VANDYKE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nathen Barton appeals from the district court's entry of a default judgment in his favor for the amount of $12,000. Barton registered a cell phone for his minor child and placed it on the FTC do-not-call registry. That cell phone thereafter received six phone calls from J.M.S. Associate Marketing, LLC ("JMS") and its associated entities, Tele Transform and Vivid Hear. Barton answered four of these calls, while two went unanswered. For the four calls he answered, Barton was greeted with an artificial or recorded voice message encouraging the purchase of either a Tele Transform or Vivid Hear product. He brought suit against JMS in the United States District Court for the Western District of Washington. He alleged a violation of the Telephone Consumer Protection Act (the TCPA), 47 U.S.C. § 227, for the six calls made to a cell phone on the FTC do-not-call list and for the four calls that used an artificial or prerecorded voice. He also alleged violations of various Washington state laws: the Washington Automatic Dialing and Announcing Device Act (WADAD), Wash. Rev. Code Section 80.36.400; the Washington Do Not Call statute (the WDNC), Section 80.36.390; and the Washington Commercial Telephone Solicitation Act (the WCTSA), Section 19.158, *et seq.*

JMS defaulted, failing to file an answer, motion, or any other communication with the court. The clerk entered the default and Barton moved for

a default judgment. The district court granted the motion in part and denied it in part. As relevant here, the district court found that Barton was entitled to treble damages of $6,000 under the TCPA for the four calls he answered, but was unable to collect damages under that statute for the two calls he failed to answer. The district court also found that Barton was entitled to treble damages of $6,000 under WADAD[1] for the four answered calls.[2] It further found that Barton was not entitled to damages under the WDNC[3] because the provision Barton cited in his motion for a default judgment governed fines, not civil damage awards. Finally, it found that Barton was not entitled to damages under the WCTSA because he did not allege an injury to his business or property.

We have jurisdiction under 28 U.S.C. § 1291. A district court's interpretation of a federal regulation is reviewed de novo. *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Frym*, 814 F.3d

---

[1] The district court mistakenly cites the WDNC, which is a separate statute, while discussing WADAD. Even so, the district court separately cites and analyzes the correct provision for WADAD. Barton does not challenge the district court's calculation under WADAD.

[2] While WADAD may cover unanswered calls, *see* Wash. Rev. Code Section 80.36.400(1)(b), Barton does not argue that the district court erred in not awarding damages under this statute for the two unanswered calls. We therefore do not review that decision on appeal.

[3] The district court incorrectly refers to Wash. Rev. Code Section 80.36.390 as WADAD. That statute is the WDNC.

3

1053, 1057 (9th Cir. 2016). Its interpretation of state law is also reviewed de novo. *Flores v. City of Westminster*, 873 F.3d 739, 748 (9th Cir. 2017). We affirm in part and reverse in part, and remand to the district court for further damage calculations.

A regulation is interpreted according to "the natural and plain meaning of its words." *Bayview Hunters Point Cmty. Advocs. v. Metro. Transp. Comm'n*, 366 F.3d 692, 698 (9th Cir. 2004) (internal quotation marks omitted). If the language is clear and unambiguous, our inquiry ends. *Safe Air for Everyone v. U.S. E.P.A.*, 488 F.3d 1088, 1097 (9th Cir. 2007) (citing *Roberto v. Dep't of the Navy*, 440 F.3d 1341, 1350 (Fed. Cir. 2006)). When the language is unambiguous, we do not consider the legislative history. *E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 753 (9th Cir. 2003). "[A] provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme." *Hall v. U.S. Dep't of Agric.*, 984 F.3d 825, 838 (9th Cir. 2020) (internal quotation marks omitted) (quoting *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 371 (1988)).

## 1. TCPA Violations

47 U.S.C. § 227(c)(5) provides a private right of action to any person who receives more than one telephone call that violates regulations promulgated under

the TCPA from the same entity within a twelve-month period. 47 C.F.R. § 64.1200(c)(2) provides that "[n]o person or entity shall initiate any telephone solicitation to: . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry."

The regulation prohibits the initiation of a call to a telephone number that has been placed on the FTC do-not-call registry. 47 C.F.R. § 64.1200(c)(2). Whether the call was answered is irrelevant under the regulation. The district court therefore erred in declining to award damages for the two calls Barton failed to answer. We remand for the district court to calculate in the first instance the appropriate damages for those two unanswered calls.

## 2. WADAD and WDNC Violations

WADAD regulates the usage of automatic dialing and announcing devices. *See* Wash. Rev. Code § 80.36.400(1)–(2). A violation of WADAD presumptively causes $500 of damages to the recipient. *Id.* § 80.36.400(3). The WDNC regulates the conduct of telephone solicitors in the course of solicitation. *See* Wash. Rev. Code § 80.36.390(1)–(3), *amended by* 2022 Wash. Legis. Serv. Ch. 195 (West). A person aggrieved under the WDNC may bring a civil action to recover at least $100 per violation. *Id.* § 80.36.390(6). The violator is also subject to fines of up to $1,000 per violation. *Id.* § 80.36.390(4).

5

The district court awarded Barton damages under WADAD, Section 80.36.400, for the four phone calls Barton answered. It declined to award damages under the WDNC, Section 80.36.390, referring to both statutes as WADAD. WADAD and the WDNC are two separate statutes with two separate damages provisions. While the district court correctly noted that Barton was not entitled to damages under WDNC Section 80.36.390(4), as that provision governs fines, it did not mention Section 80.36.390(6), which provides for civil damages. We remand for the district court to consider in the first instance whether damages are available under Section 80.36.390(6).

### 3. WCTSA Violations

Wash. Rev. Code Section 19.158.130 provides that "a person who is injured by a violation of [the WCTSA] may bring an action for recovery of actual damages." The statute's language unambiguously requires Barton to prove actual damages. Barton argues to the contrary, pointing to the legislative history and intent. We do not analyze such history and intent when the statute's language is unambiguous. Barton also points to Section 19.158.140 to argue that he may collect the "civil penalty" described in that provision. When taken in the context of the WCTSA's statutory scheme as a whole, particularly the limitations Section 19.158.130 places on private rights of action, it is clear that Section 19.158.140 is a

fine provision that only the government may collect.  Therefore, the district court did not err in requiring Barton to prove actual damages.

**AFFIRMED in part, REVERSED in part, and REMANDED.**[4]

---

[4]  The parties shall bear their own costs.  *See* Fed. R. App. P. 39(a)(4).